1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Lawrence H. Meuers, Esq. (SBN 197663)**
**Steven M. De Falco (Fla. Bar No. 0733571)**
**MEUERS LAW FIRM, P.L.**
**5395 Park Central Court**
**Naples, FL 34109**
**Telephone:  (239) 513-9191**
**Facsimile: (239) 513-9677**

**Attorneys for Plaintiffs**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA
### FRESNO DIVISION

| | |
|---|---|
| **GRIMMWAY ENTERPRISES, INC. D/B/A GRIMMWAY FARMS, a California corporation, and NATURIPE FARMS, LLC f/k/a GLOBAL BERRY FARMS, LLC, a Delaware Limited Liability Company,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**PIC FRESH GLOBAL, INC., a California corporation; and JEFFREY D. CASE, an individual,**<br><br>**Defendants.** | ) **Case No.: 1:07-cv-109**<br>)<br>)<br>)<br>)<br>)<br>) **TEMPORARY RESTRAINING**<br>) **ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

  This matter is before the Court upon Plaintiffs' Ex-Parte Motion for Temporary Restraining Order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if:  (1) it clearly appears from specific facts shown by declaration or verified complaint that immediate and

Temporary Restraining Order              Page 1

PDF created with pdfFactory trial version www.pdffactory.com

irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

In this case, it clearly appears from the Affidavit of Pamela Terry, the Declaration of Kristy Belflower and the Certification of Counsel that Plaintiffs, Grimmway Enterprises, Inc. d/b/a Grimmway Farms ("Grimmway Farms") and Naturipe Farms, LLC f/k/a Global Berry Farms, LLC ("Naturipe"), are produce dealers and trust creditors of Defendant, PIC Fresh Global, Inc. ("PIC Fresh"), under Section 5(c) of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499e(c), and has not been paid for produce in the total amount of $42,179.60 supplied to said Defendant as required by PACA. It is also clear from the same affidavit, declaration and the certification of counsel that said Defendant is in severe financial jeopardy and the PACA Trust assets are being dissipated or threatened with dissipation (Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990)) and that said Defendant is not or may not be in a position to pay creditor's claim (JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75 (2d Cir. 1990)), thereby warranting the relief requested by Plaintiffs. On the basis of the pleadings, affidavit, declaration and other submissions Plaintiffs have filed in this matter, it appears Plaintiffs will suffer immediate and irreparable injury due to said Defendant's dissipation of Plaintiffs' beneficial

Temporary Restraining Order                                                                 Page 2

interest in the statutory trust created pursuant to 7 U.S.C. §499e(c) and that such dissipation will continue in the absence of injunctive relief. Therefore, the Court is of the opinion that a Temporary Restraining Order should be issued.

If notice is given to the Defendants of the pendency of this motion, trust assets will be further threatened with dissipation before the motion is heard. As noted in the legislative history of PACA, once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bkrtcy. N.D.Fla. 1989). Entry of this Order without notice assures retention of the trust assets under the control of this Court, which is specifically vested with jurisdiction over the Trust. 7 U.S.C. §499e(c)(5). In accord with Rule 65(b)(2), the applicants' attorney has certified why notice should not be required.

Based on the foregoing, the Court finds that Plaintiffs and other PACA trust creditors, if any, will suffer immediate irreparable injury in the form of a loss of trust assets unless this order is granted without notice.

Therefore, it is by the United States District Court for the Eastern District of California

ORDERED:

PDF created with pdfFactory trial version www.pdffactory.com

1.      Defendant, PIC Fresh, its agents, officers (including the Defendant Jeffrey D. Case), subsidiaries, assigns, banking and financial institutions, and all persons in active concert or participation with said Defendant are enjoined and restrained from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provisions of the PACA without agreement of Plaintiffs, or until further order of this Court.   Under §499e(c)(2) of PACA, the assets subject to this order include all of the assets of PIC Fresh unless PIC Fresh can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products.   Provided however, PIC Fresh may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without right of set-off, on the condition that PIC Fresh maintains the proceeds of such sale subject to this Order.

2.      This Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this Order by personal service or otherwise.

3.      The $42,179.60 in PACA Trust assets belonging to Plaintiffs and in the possession of the Defendant will serve as Plaintiffs' security for this

Temporary Restraining Order                                                    Page 4

PDF created with pdfFactory trial version www.pdffactory.com

injunction as required by Rule 65(c) of the Federal Rules of Civil Procedure.

4.     This Temporary Restraining Order is entered this 29th day of January, 2007, at 4:30 p.m.

5.     A hearing on Plaintiffs' Motion for Preliminary Injunction is set for the 7th day of February, at 12:00 p.m.

6.     Plaintiffs shall serve a copy of this Order, together with the annexed Affidavit, Declaration and Memorandum of Law, by personal service, including by facsimile transmission or federal express, on or before the 31st day of January, 2007.  Such service shall be deemed good and sufficient.

7.     Defendants may apply to the Court for modification or dissolution of the instant Order upon two (2) days' notice to Plaintiffs, or upon such shorter notice as the Court may allow.

8.     Defendants shall file any and all responsive papers to Plaintiffs' Motion on or before February 5, 2007 at 3:00 p.m.

DONE and ORDERED, this 29th day of January, 2007 at Fresno, California.

/s/ Oliver W. Wanger
Judge Oliver W. Wanger
Eastern District of California

PDF created with pdfFactory trial version www.pdffactory.com